UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>JAIME AISPURO, )<br>)<br>Defendant. ) | No. 1:06-CV-1732-SEB-JMS |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

The plea agreement entered into between defendant Jaime Aispuro and the United States in No. IP 02-173-CR-B/F-01 and accepted by the court contains a provision whereby Aispuro that "expressly waive[d] his right to appeal the conviction and any sentence imposed in this case on any ground . . . [and further] expressly agree[d] not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255." The guilty plea was entered in accord with the standards prescribed in Rule 11 of the *Federal Rules of Criminal Procedure.* Aispuro now seeks relief pursuant to 28 U.S.C. § 2255.

The Seventh Circuit has recognized the validity of waivers such as included in the plea agreement in this case, and will enforce the waiver unless there is a claim that the plea agreement/waiver was entered into involuntarily, or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* states that courts should be:

> [m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

167 F.3d at 1145. In *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that

> [b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief.

*Id.* Additionally, the court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

In this case, Aispuro does not allege that his counsel was ineffective with regard to the negotiation of the waiver. In fact, during his change of plea hearing, Aispuro stated that he was satisfied with the representation and advice given to him by his attorney. By contrast it is the contention here, as in *Mason,* that a more favorable sentence could have been achieved. "In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.* Aispuro entered such a plea in this case. Although Aispuro argues that his enhanced sentence was not part of his plea, waiving his opportunity to challenge the sentenced pursuant to § 2255 was part of the plea and is valid and enforceable in the circumstances of this case.

The United States is correct that the foregoing circumstances show that Aispuro is not entitled to relief pursuant to 28 U.S.C. § 2255 without the merits of his claims being reached. The motion for relief pursuant to § 2255 is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 03/02/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana