UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 1:06-CV-1732-SEB-JMS |
| | ) | |
| JAIME AISPURO, | ) | |
| | ) | |
| Defendant. | ) | |

# E N T R Y

Having failed to obtain relief pursuant to 28 U.S.C. § 2255, having also failed to secure a certificate of appealability from either this court or the Court of Appeals in No. 07-1763 relative to the denial of the § 2255 motion, and having also failed to obtain the reinstatement of the appeal, defendant Aispuro has filed a motion for his appellate rights. This motion was filed in the § 2255 action, which has been assigned to the civil docket as shown above.

The defendant states in his motion for his appellate rights that relief is warranted because his attorney's failure to file a notice of appeal in the underlying criminal action, No. IP 02-173-CR-B/F-01, resulted in a miscarriage of justice.

The motion for appellate rights was filed in the above action, but is yet another challenge to his conviction and/or sentence in No. IP 02-173-CR-B/F-01. The defendant has already exercised that challenge–his "one bite at the apple"–and is not entitled to more without permission from the Court of Appeals. This is the statutory limitation put in place by 28 U.S.C. § § 2244(b)(3), which "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)) (opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999)). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

As to the true nature of the motion now being considered, it is unquestionably a second or successive motion for relief pursuant to 28 U.S.C. § 2255. It is the relief a prisoner seeks, not the caption on the motion, that determines whether it comes under §2255. *See, e.g., Melton v. United States,* 359 F.3d 855 (7th Cir. 2004). The Supreme Court said much the same thing in *Gonzalez v. Crosby,* 545 U.S. 524 (2005), when concluding that a motion nominally resting on Fed. R. Civ. P. 60(b) must be treated as one

under § 2255 if it seeks release from prison or a shorter sentence. This understanding of the motion cannot be avoided by

> inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the petitioner plasters on the cover.

*Melton,* 359 F.3d at 857 (internal citations omitted); *see also Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007)("A motion in a criminal case-whether nominally under Fed.R.Crim.P. 33, or bearing an ancient title such as coram vobis or audita querela-may be treated as one under § 2255, because the caption on a document does not matter."); *United States v. Lloyd,* 398 F.3d 978, 980 (7th Cir. 2005) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." (citing *Melton,* 359 F.3d at 857).

Based on the foreoing, therefore, the defendant's motion for appellate rights, properly treated as a second or successive motion for relief pursuant to 28 U.S.C. § 2255, but done here without permission from the Court of Appeals, is **denied**

**IT IS SO ORDERED**.

Date: 02/03/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jaime Aispuro
07030-028 / Unit 5741
FCI Fort Dix (East)
P.O. Box 2000
Fort Dix, NJ 08640

Office of the United States Attorney
10 West Market Street   Suite 2100
Indianapolis, IN   46204-3048