UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | No. 1:06-CV-1732-SEB-JMS |
| ) | |
| JAIME AISPURO, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Relief from Judgment to Reconsider**

Jaime Aispuro was convicted of a drug offense in No. IP 02-173-CR-B/F-01 and thereafter failed to prevail in his motion for relief pursuant to 28 U.S.C. § 2255 because, as explained in the Entry of March 5, 2007: 1) the plea agreement entered into between Aispuro and the United States contained a provision whereby Aispuro "expressly waive[d] his right to appeal the conviction and any sentence imposed in this case on any ground . . . [and further] expressly agree[d] not to contest, or seek to modify, his conviction or sentence or the manner in which it was  determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255"; 2) Aispuro's waiver of his opportunity to challenge the sentence pursuant to § 2255 was part of the plea and valid and enforceable in the circumstances of this case. Both this court and the Court of Appeals declined to issue a certificate of appealability.

Aispuro then filed a mislabeled motion for relief, but it was properly assessed and dismissed in the Entry of February 3, 2009:

> The motion for appellate rights was filed in the above action, but is yet another challenge to his conviction and/or sentence in No. IP 02-173-CR-B/F-01. The defendant  has already exercised that challenge–his "one bite at the apple"–and is not entitled to more without permission from the Court of Appeals. This is the statutory limitation put in place by 28 U.S.C. § § 2244(b)(3), which "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)) (opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999)). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

Not being content with the challenges recounted above, Aispuro now seeks relief from the judgment denying his 28 U.S.C. § 2255 through his motion for relief from judgment filed with the clerk on August 10, 2010.

The first order of business when such a motion is filed is to determine its true character. The following guidelines are important to this task:

- The Supreme Court has explained that a district court is without jurisdiction to entertain the habeas petition because the petitioner failed to receive the required authorization from the Court of Appeals and had "twice brought claims contesting the same custody imposed by the same judgment of the state court." *See Burton v. Stewart,* 549 U.S. 147, 153 (2007); *see also United States v. Lloyd,* 398 F.3d 978, 979 (7th Cir. 2005).

- In *Gonzalez v. Crosby,* the Supreme Court addressed when a federal court should construe a petitioner's motion for relief from judgment pursuant to Rule 60(b) as a second or successive petition. 545 U.S. 524, 526 (2005). Noting that "[a]s a textual matter, § 2244(b) applies only where the court acts pursuant to a prisoner's 'application' for a writ of habeas corpus," the Court began its analysis by stating that "it is clear that for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at 530 (citations omitted).

- After noting that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts," the Court provided guidance as to when a Rule 60(b) motion advances one or more "claims." *Id.* at 531-32 (internal citations omitted). Specifically, the Court stated that "[a] motion that seeks to add a new ground for relief" advances a claim, as does a motion that "attacks the federal court's previous resolution of a claim on the merits, . . . since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* The Court noted, however, that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not construe the motion as a second or successive petition. *See id.*

The foregoing sets the stage for treatment and resolution of the motion for relief from judgment.

"Rule 60 of the FED. R. CIV. P. regulates the procedure for obtaining relief from final judgments." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006)(citing *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 983 (7th Cir. 1989)). A post-judgment motion "must be shaped to the specific grounds for modification or reversal found in 60(b)--they cannot be general pleas for relief." *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992). Pursuant to Rule 60(b), a court may relieve a party from a final judgment based on, among other reasons, "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial;" or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (quoting *Fed.R.Civ.P.* 60(b)). Rule 60(b) also authorizes relief for "any other reason that justifies relief." Rule 60(b)(6).

Aispuro goes to great lengths to avoid seeking to directly reassert any claim–either a new claim or a previous claim–warranting relief pursuant to § 2255. He states instead that his motion for relief from judgment attacks only the procedural error in the disposition of the first § 2255 motion. Taking this effort at face value, he is not entitled to relief.

! First, it is entirely apparent that the motion for relief from judgment rests on nothing except Aispuro's view that the court committed legal error in first finding the waiver provision valid and then relying on this finding in concluding that the merits of his § 2255 claims could not be reached. Aispuro cites Rule 60(b)(6), but offers only his view that the court erred in deciding the § 2255 motion without reaching the merits of his claims. Using Rule 60(b) in this fashion is not permissible, however, because such a motion is not a substitute for a timely appeal. *Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002). A party's mere disagreement with a court's legal analysis does not warrant relief under Rule 60(b). In fact, such an argument is a forbidden ground. See *Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002). Instead, the appropriate remedy for that situation is for the party to appeal. *Parke-Chapley Const. Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir. 1989); *McKnight v. United States Steel Corp.,* 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal."). As noted above, Aispuro attempted to appeal the denial of his motion for relief pursuant to 28 U.S.C. § 2255, but failed in this attempt because a sound basis for an appeal could not be found. As now configured, therefore, the motion for relief from judgment rests on an argument which lies outside the scope of Rule 60(b), and thus provides no basis for relief based on Rule 60(b).

! Even if the court could find a sound basis on which to conclude that the motion for relief from judgment presents a legitimate basis for relief under Rule 60(b), the motion arrives too late. A movant has a "reasonable" period of time in which to file a Rule 60(b) motion, subject in some circumstances to a 1-year maximum. *See Berwick Grain Co. v. Illinois Dep't of Agric.,* 189 F.3d 556, 560 (7th Cir. 1999) (citations omitted); *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir. 1986). The one-year cap is an "extreme outer limit," and the Seventh Circuit has repeatedly cautioned that "even a motion filed within a year will be rejected as untimely if not made within a reasonable time." *Berwick Grain Co.,* 189 F.3d at 560 (citations omitted). "What constitutes a 'reasonable time' ultimately depends on the facts of each case including the reason for delay, the practical ability of the litigant to have learned about the grounds of the judgment earlier, and the degree of prejudice to the other parties." *Kagan,* 795 F.2d at 610 (quoting Rule 60). This time limit is jurisdictional and cannot be extended. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). The motion for relief from judgment was filed with the clerk more than three years and five months after the entry of judgment from which he seeks relief. ("[A]n appeal does not toll or extend the one-year time limit of Rule 60(b)." *The Tool Box, Inc. v. Ogden City Corp.,* 419 F.3d 1084, 1088 (10th Cir. 2005)). There is no new evidence cited, no recent decision identified, no description of unusual circumstances or the like, and no reason offered why the motion for relief from judgment could not have been filed within a reasonable time. Aispuro's ability to assemble and file such a motion by early 2009, for example, is demonstrated by the filing of his motion for appellate rights on January 30, 2009. This is not to indicate

that a motion for relief from judgment filed by January 30, 2009, would have been filed within a reasonable period of time, but it was filed 17+ months before the present motion for relief from judgment. As applied here, the motion for relief from judgment was not filed within a "reasonable period of time," and is therefore not a motion over which the court has jurisdiction.

Even if Aispuro's present argument falls on the side of *Gonzalez* which permits a court to address some alleged defect in the integrity of the § 2255 proceeding, his allegation of error in the disposition of his prior motion for relief pursuant to 28 U.S.C. § 2255 does not warrant relief. His motion for relief from judgment (dkt 32) is therefore **denied.**

**IT IS SO ORDERED**.

Date: 08/17/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jaime Aispuro
07030-028 / Unit 5741
FCI Safford
P.O. Box 9000
Safford, AZ 85548

gerald.coraz@usdoj.gov